# EXHIBIT A

Approved, SCAO

14th CIRCUIT COURT
MUSKEGON COUNTY

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | F I L E D | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | SUMMONS | 2019-2160-CZ |
| JUDICIAL CIRCUIT | JUN 06 2019 | |
| COUNTY PROBATE | | |

Court address                 CIRCUIT COURT RECORDS                 Court telephone no.

Plaintiff's name(s), address(es), and telephone no(s).

Dennis Lonnie Alfred Ward #162169
Lakeland Correctional Facility
141 First Street
Coldwater, Michigan 49036

v

Defendant's name(s), address(es), and telephone no(s).

Kathy THARP; (County Executive)
Nancy A. Waters; (County CLERK)
Muskegon County; (Municipality)
990 TERRACE Street
Muskegon, Michigan 49442

Plaintiff's attorney, bar no., address, and telephone no.

IN PRO-PER

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 06/10/2019 | 09/09/2019 | Nancy A. Waters   06/10/2019 12:49 PM |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

NANCY A. WATERS - MUSKEGON COUNTY CLERK
MCR 2.102(B), MCR 2.104, MCR 2.105

MC 01   (1/19)   **SUMMONS**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

|  |  |  |
|---|---|---|
| DENNIS LONNIE ALFRED WARD;<br>WALTER NEAL JR; AUNDRA BECKEM;<br>JAMAL UMAR BUCHANAN;<br>SEM'J RAMONE LAWSON;<br>SANDY HOLT, JR. and DANDREE BLACK, | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Case No. 19- *2160* -CZ<br>Hon. _____<br>Circuit Court Judge |
| KATHY THARP, County Executive;<br>MUSKEGON COUNTY, Municipality,<br>and NANCY A. WATERS, County Clerk,<br>In their Individual and Municipal Capacity, | ) ) ) ) ) | |
| **Defendants.** | ) ) | |



Seal - 5/3/2019
1:31:47 PM

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RULING
### Introduction

1.   This is a civil rights action brought by a certain class of prisoners under the Sixth and

Fourteenth Amendments to the United States Constitution and Michigan Constitution under Article I,

§§ 17 and 20, on behalf of themselves and all future indigent adults who have been, or will be charged

with felonies in the District and Circuit Courts of Muskegon County who will rely on the County to

provide them with court appointed counsel for their defense. Plaintiffs seek declaratory and

injunctive relief against Defendants, County Executive, County Municipality and County Clerk, to

prevent violations of their legal rights and to remedy Defendants' continuing failure to ensure, or

assure, that they will receive constitutionally adequate legal representation.

2.   The Sixth Amendment of the US Constitution guarantees that in all criminal prosecutions the

accused **shall** have "The assistance of counsel for his/her defense." In the landmark ruling in <u>Gideon</u>

<u>v Wainwright</u>, 372 US 335 1963), the Supreme Court established that the Sixth and Fourteenth

1

Amendments require states to provide counsel for all those who have been charged with criminal wrongdoing and who are unable to afford private counsel. Michigan's Constitution similarly guarantees each criminal defendant the right to "have the assistance of counsel for his/her defense." Const. 1963, Art 1, § 20.

3.   The right to the assistance of counsel is, in essence, the fundamental right to effective assistance of competent counsel. As the US Supreme Court has repeatedly made clear, "inadequate assistance does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amendment." Cuyler v Sullivan, 446 US 335, 344 (1980); see too, McMann v Richardson, 397 US 759 (;970). Constitutionally adequate counsel is counsel that is capable of putting the prosecution's case to the crucible of meaningful adversarial testing. United States v Cronic, 466 US 648, 656 (1984). Where, as in Muskegon County, defense counsel for indigent persons do not have the tools to engage actively and meaningfully in the adversarial process, because of the numerous switches between one appointed counsel to the next, and courts cannot ensure that their decisions, judgments, and punishments are rendered fairly and accurately.

4.   This constitutional obligation to provide indigent criminal defendants with adequate counsel rests with the State, or as in this case, the County of Muskegon. Gideon v Wainwright, 372 US 335 (1963). Muskegon has addicated its obligation under the US and Michigan Constitutions by continuing a decade-old practice of deligating to its employees, the county executive, and the county clerk, the responsibility for appointments and funding and administering trial-level indigent defense serices within its border, with little or no funding or fiscal administrative oversight to assure adequate representation through its indigent - assigned counsel system.

5.   Defendants do nothing to ensure that its policies, programs, guidelines, or other essential resources in place to enable the attorneys it hires to provide constitutionally adequate legal representation to indigent defendants such as the Plaintiffs listed in this case. Without oversight from Defendants, the County's indigent defene system and service are seriously underfunded, poorley administered, and do not ensure that indigent defense providers have the tools necessary to do their jobs adequately under the constitutional guarantee.

6.  The indigent defense service in Muskegon County has the following constitutional deficiencies, among others as:

A). No currently written client eligibility standards;

b). No merit-bases attorney hiring and retention programs;

c). No written attorney performance standards or meaningful systems or attorney supervision and monotoring;

d). No current guidelines on how to identify conflicts of interest;

e). No attorney work-load standards;

f). No adequate attorney training, and

g). No independence from the judiciary or the prosecutorial function.

7.  As a primary result of these deficiencies, many indigent defense providres in Muskegon County have far too many cases; have insufficient support staff; have either no or insufficient resources to hire outside investigators and experts; and lack the skills and experience to handle the cases assigned to them, resulting in numerous reassignment of attorneys to the indigent persons.

8.  The absence of managable case-loads, necessary support, appropriate training, supervision and monitoring, and written standards and guidelines, creates severe obstacles to the ability of indigent defense counsel to put the prosecution's case to the crucible of meaningful adversary testing. As a result of these systemic deficiencies, indigent defense counsel do not meet with clients prior to critical stages in their criminal proceedings; investigate adequately the charges against their clients or hire investigators who can assist with case preparation and testify at trial; file necessary pre-trial motions, prepare properly for court appearances; provide meaningful representation at sentencing; or employ and consult with experts when necessary.  Additionally, the systemic deficiencies provide no method for ensuring that attorneys are representing clients free from conflict of interest due to the reassignment from one attorney to the next under Muskegon's indigent assigned program.

9.  The inability of indigent defense counsel to put the case against their clients to the crucible of meaningful adversarial testing causes members of the Plaintiff Class to suffer numerous harms, including but is not limited to:

3

a). Wrongful denial of representation;

b). Wrongful conviction of crimes;

c). Unnecessary or prolonged pre-trial detentions;

d). Guilty pleas to inappropriate charges and denials of the right to trial when meritorious defenses are available; and

e). Harsher sentences than the facts of the case warrant and few alternatives to incarceration.

10. Defendant's failure to take any steps to ensure that the indigent defense services in Muskegon County are adequately funded and administered, and that as a result, indigent defense providers do not have the rescources and tools necessary to do their jobs, is an abdication of Defendants' constitutional obligations, and the results is the denial of constitutionally adequate defense to indigent criminal defendants.

11. This complaint focuses on how the Defendants' failure to provide funding and administrative oversight have created a broken indigent defense system in Muskegon County, and the types of harms suffered by these Plaintiffs, are by no means limited or unique to the County's failure to provide fundinging or oversight to its indigent system program causing similar problems throughout the county for criminal indigent defendants such as Plaintiffs herein.

12. Pursuant to Title 42 USC § 1983; the Sixth and Fourteenth Amendments to the United States Constitution; Article 1, §§ 17 and 20 of the Michigan Constitution; and MCR 2.605 and 3.310, Plaintiffs seek declaratory and injunctive relief to remedy the present and future constitutional deficiencies in indigent defense services provided to adults charged with felonies at the trial court level in Muskegon County, which results in constitutional denials to Plaintiffs' class.

<u>Jurisdiction and Venue</u>

13. This Court has subject matter jurisdiction over this case for declaratory and injunctive relief pursuant to MCL § 600.605; MCR 2.605, and MCR 3.310.

14. This Court has personal jurisdiction over Defendants because they are public officials for the County of Muskegon who are sued in their individual capacity enforcing the performance of their duties, MCR 2.201, and the County can be sued under its municipality status under 42 USC § 1983.

4

15.  Venue is proper in this Court because all the violations, denials, and constitutional wrongs giving rise to the instant action occurred in Muskegon County and each named Defendant is located, or conduct their/its business in the County of Muskegon.  All named Plaintiffs were convicted in the Muskegon County Circuit Court system under the assogned criminal indigent system used by Defendants in Muskegon County.

THE PARTIES

A.  Plaintiffs:

16.  Plaintiff, Dennis Lonnie Alfred Ward is and at times pertinent herein has been a resident of Muskegon County Michigan.  Plaintiff had a criminal case in the Circuit Court in Muskegon County. Plaintiff was appointed two different attorneys who were assigned to represent him in this criminal prosecution, both of whom were contracted with Muskegon County to furnish and provide indigent defense services in that county.

17.  Plaintiff was arrested and charged with armed robbery, and possession of a firearm while committing the felony.  He was  provided a court appointed attorney, Mr. Ronald Pannucci to represent him in the criminal prosecution.  Attorney Pannucci urged him to waive his  preliminary examination and circuit court arraignment after discovery  materials for trial were requested.  The discovery request was granted and the  circuit court arraignment was waived.

18.  Plaintiff Ward and his court appointed attorney, Ronald Pannucci, discussed  the potential defenses to the charges and after  learning that the witnesses' police  statements did not match the physicial evidence, the preliminary examination was waived and Plaintiff was bound over to the Muskegon County Circuit Court for trial.

19.  While awaiting trial in the circuit court, Attorney Alvin E. Swenson visited Plaintiff and informed him that he was the attorney assigned to represent him at trial.  Plaintiff informed Attorney Swanson that he did not want him as an attorney because he already had  attorney Pannucci. Attorney Swanson informed Plaintiff that he had no choice in the matter  and stated that he would represent Plaintiff, or that Plaintiff  Ward could represent himself.

20.  Plaintiff Ward had no prior relationship with Attorney Alvin E. Swanson, and he ended up pleading guilty to the weapon charges, and stood trial on the armed robbery charges where he was found guilty and sentenced to prison for a lengthy prison term.  On information and belief, Plaintiff Ward did not receive the constitutional representation of which he was entitled  and the attorney who ended up with the case failed to properly advocate meaningfully for his client on lesser charges.

21.  Plaintiff, Walter Neal Jr., was charged in Muskegon County  for criminal sexual conduct and habitual offender.  He was initially appointed attorney, Jonathan B. Pototsky (P45499).   After waiving his preliminary examination proceeding where the case was bound over to the circuit court, he was appointed another attorney, Harold F. Colsz, III, (P28260).   The case was assigned to circuit court Judge James M. Graves.

22.  That he  was informed by the new  appointed attorney that he  should enter a plea of "nolo contendere" to receive a term of life-time probation on count one, and I would receive a prison term of (35 to 100) years on count  two.

23.  Plaintiff Neal  was never informed as to why the original attorney was removed, and I do not know how he  ended up with the attorney who allowed him  to plead to all charges.  He  did not request a different attorney at any time during the circuit court proceedings in Muskegon.

24.  The new attorney never informed him,  or indicated that his  prior felony  convictions could be challenged.  He  was only informed that by pleading, he  would receive a term of imprisonment far less than life.  Therefore, on information and belief, Plaintiff Neal  do not believe he  received the constitutional representation of which he  was entitled under his  Sixth Amendment right, and  his attorney failed to advocate  meaningfully for a reduced term of imprisonment.

25.  Plaintiff, Aundra Beckem, was charged in Muskegon County for the statutory crime of Criminal Sexual Conduct in the third degree.  He was assigned Attorney Joseph Fisher.  He was reassigned  Attorney Frank M. Corrozza.  His third assigned attorney was Alvin E. Swanson, who indicated  he should plead "nolo contendere" .  Since he  did not know who his  attorney would be for trial, he  took the advice of Attorney Swanson and pleaded to the charges.

26. Plaintiff Beckem received a prison term of (17 to 50) years for the CSC charge against his girlfriend. He did not request that his first assigned attorney be replaced.

27. On information and belief, Plaintiff believes he did not receive the legal representation and he do not believe that his attorney advocated meaningfully for him to receive a reduced prison sentence, or reduced charge.

28. Plaintiff, Jamal Umar Buchanan, was charged in Muskegon County with a felony count. He was appointed Attorney Joseph A. Fisher to represent him. After the arraignment and preliminary examination he was appointed Alvin E. Swanson to represent him.

29. Attorney Swanson did not discuss and potential defenses or trial strategy and he only advised his client to plead guilty, or nolo contendere to the charges.

30. Because Plaintiff had no defense, or did not have any type of trial strategy, he ended up pleading nolo contendere to the charges and he was sentenced to prison. The exchange in the lawyers occurred after the preliminary examination. On information and belief, Plaintiff do not believe he received the legal representation of which he was entitled, nor does he believe the attorney advocated meaningfully for him to receive a reduced sentence.

31. Plaintiff, Sem'j Ramone Lawson, was charged in Muskegon County with two felonies. He was initially appointed Attorney David B. Kortering. Following his arraignment, he was assigned Fred J. Lesica as his defense attorney.

32. Attorney Fred Lesica did nothing for any type of defense except advised his client to plead guilty to the charges in both cases.

33. The attorney exchange occurred following the preliminary examination proceeding where Plaintiff was bound over to the Muskegon County Circuit Court. He was never informed as to why the attorneys were changes, nor did he request a different attorney in either case.

34. On information and belief, Plaintiff do not believe he received the legal representation of which he was entitled under the Sixth Amendment guarantee. He does not believe the attorney advocated meaningfully on his behalf for a reduced prison sentence.

35. Plaintiff, Sandy Holt, Jr., was charged in Muskegon County for robbery armed, MCL §

750.529. He was appointed Attorney Joseph Fisher as his legal representation counsel. The second lawyer was Harold F. Closz, and he finally ended up with attorney, Annette Smedley who represented him in a jury trial in the Muskegon circuit court.

36. Plaintiff Holt did not request different attorneys. He was never told why the former two lawyers were removed. He voiced his objection to the removal and he was informed that no one knew why these lawyers were removed from his case.

37. On May 21, 2003, in a motion hearing, Plaintiff Holt inquired as to why he had been assigned different lawyers and he was informed that no one knew. He requested self representation and he was denied that right. On information and belief, Plaintiff Holt do not believe he received proper legal representation and he does not think Attorney Smedley advocated meaningfully for him to get his casse dismissed on jurisdictional grounds. The exchange of lawyers occurred following the preliminary examination proceeding after Plaintiff was bound over to the circuit court to stand trial.

38. Plaintiff, Dandree Black, was charged in Muskegon County with Assault under MCL § 750.84. He was appointed by Attorney Ronald H. Pannucci to represent him in this case. Thereafter, Plaintiff Black was appointed Alvin E. Swanson, and he was again assigned another Attorney Christopher J. Wilson to his case.

39. The exchange of lawyers occurred after the preliminary examination and Plaintiff Black ended up being sentenced to prison. Plaintiff do not know why the first two attorneys were removed. He did not request new defense counsel.

40. On information and belief, Plaintiff believe that he did not receive competent representation nor did he receive adequate, or meaningful advocacy to obtain a reduced charge or a lesser sentence. Plaintiff was simply provided one lawyer to the next and shuffled through the Muskegon County Circuit Court legal system.

B.  Defendants:

41. Defendant, Kathy Tharp, is employed for Muskegon County. She is the County Executive in charge of all functions within the Muskegon County Municipality and Jurisdiction. She has the

authority to approve, terminate, oversee and distribute payments to and for approved county programs, contracts and proposals implemented by the County of Muskegon.

42. Defendant Tharp act and perform her duties under the color of state law, and she has the authority to regulate, distribute powers, supervise county department heads, hire, fire, and substitute employees, to make policy, and implement those policies for the benefit of the County and its citizenry. She is sued in her individual capacity as a County official.

43. Defendant Muskegon County is a municipality governing body which is designated by the State of Michigan to have authority, control, jurisdiction and law making policies for the employees, residents, and agencies employed or contracted with the County of Muskegon, Michigan.

44. Muskegon County receives monetary stipends from the Michigan State Treasury on a yearly basis to implement, maintain, supervise, and employ its citizens to ensure the welfare of the citizenry living in Muskegon County's jurisdiction. This include monetary stipends to maintain its legal assistance programs for indigent citizens. Muskegon County is sued in its municipal capacity.

45. Defendant Nancy A. Walters is employed by Muskegon County as the County Clerk. She perform her duties under the color of State law. She is assigned to the circuit court administrative system whereby she oversees all circuit court judicial functions such as maintaining a judicial county roster for the indigent assigned attorneys appointment system.

46. Defendant Waters is authorized to make court schedules for all court activities, to determine the appropriate dates and times for judicial hearings, to assure indigent criminal defendants are assigned legal representation from the county roster maintained by her office. She is sued in her individual capacity as a Defendant in this case.

47. All Defendants, collectively, are responsibility for the appointment of the indigent assigned counsel for each named Plaintiff in this case who has suffered a constitutional violation from their individual failure to act or perform their duties within the parameters of the constitutional guarantee of both state and federal constitutions.

48. Plaintiffs, collectively, incorporates all paragraphs set forth above as if fully set forth herein and incorporates those paragraphs as if fully set forth infra.

9

## CLAIMS AND CAUSES OF ACTION

49. Plaintiffs claims relief in an action at law pursuant to State and Federal Constitutions, coupled with relief under Title 42 USC § 1983 and the Civil Rights Act of Incarcerated Persons.

### Count-One

50. The acts and omissions of all Defendants described above, collectively, deprived all Plaintiffs of their constitutional right to be appointed conflict free counsel to represent them in their criminal proceedings. These acts and omissions constitutes a violation of Plaintiffs' Sixth and Fourteenth Amendment rights to be appointed competent counsel for all court proceedings.

### Count-Two

51. The acts and omissions, coupled with the acts of commissions as described above by Defendants Tharp and Walters, constitutes gross negligent conduct, coupled with criminal recklessness, when they ignored the complaints of Plaintiffs Ward and Holt after they voiced their concerns and objections to the numerous appointed attorneys to their case in the Muskegon County Circuit Courts. These acts, omissions, and acts of commissions, as described above constitutes a violation of the Fourteenth Amendment's due process right when they ignored the complaints.

### Count-Three

52. The acts of omissions by all Defendants collectively, as set forth above, when they had the authority to stop the constitutional violations, had the ability to circumvent the ongoing constitutional violations, and instead, continued to allow Plaintiffs to suffer, constitutes a denial of the equal protection under the laws in violation of the Fourteenth Amendment to the U.S. Constitution.

### Count-Four

53. The acts of all Defendants, individually and collectively, as described above when they disregarded the notice provided in another legal action, constitutes a violation of state law under MCL § 19.142 when Defendants allowed Plaintiffs to be harassed, annoyed, and disturbed, by failing to correct the violation, had the authority to correct the violations, and instead, allowed the violations to continue in violation of state law. Mich. Const. 1963, Art 1, §§ 17 and 20.

PROXIMATE CAUSE AND DAMAGES

54. Plaintiffs, collectively, have suffered the violation of their constitutional rights to  conflict free, constitutional effective assistance, and the appointment of adequate representation of counsel who would advocate meaningfully for the clients.  Plaintiffs would not be suffering but for the reckless disregard of their constitutional rights by all listed Defendants in this civil rights  action.

RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that this Court will grant them declaratory relief as set forth below, including, but is not  limited to:

A). Issue a "Declaratory Ruling"  that the acts and omissions by all Defendants  as complained of above  violates  the Constitution of the United States and the State of Michigan

B). That due to the Nature of the constitutional violations above, an  Injunctive Relief Order will issue to all Defendants to cease and disist all acts and omissions constituting a violation of the Sixth and Fourteenth Amendments,  including Mich. Const. 1963, Art I, §§ 17, and 20.

C). Issue any other relief this Court deems just and appropriate for the violations as have occurred in this  case, including  monetray damage awards and out of pocket expenses  for the costs of this  litigation, including court cost.

Verification

All Plaintiffs hereby verify under the penalty of perjury that they have read and understand the foregoing complaint to be truthful and accurate upon information and belief.  That all facts are true and Plaintiffs hereby place their reliance thereupon.  FURTHER, Plaintiffs' say not.

Respectfully submitted,

Dated: Feb. 15, 2019        /s/ *Dennis L.A Ward*
                            Dennis L.A. Ward, #162169

Dated: Feb. 15, 2019        /s/ *Walter Neal Jr.*
                            Walter Neal, Jr., #377117

Dated: Feb. 15, 2019        /s/ *Aundra Beckem*
                            Aundra Beckem, #209716

Dated: Feb. 15, 2019        /s/ *Jamal Umar Buchanan*
                            Jamal Umar Buchanan, #313838

Dated: Feb. 15, 2019        /s/ *Sem'j Ramone Lawson*
                            Sem'j Ramone Lawson, #771655

Dated: Feb. 15, 2019        /s/ *Sandy Holt Jr.*
                            Sandy Holt, Jr., #201603

Dated: Feb. 15, 2019        /s/ *Dandree Black*
                            Dandree Black, #193803
                            In Propria Persona
                            Lakeland Correctional Facility
                            141 First Street
                            Coldwater, Michigan 49036

11

STATE OF MICHIGANTRICT COURT

IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

DENNIS LONNIE ALFRED WARD,  et. al.,                    )
                                                        )
                     Plaintiffs,                        )
                                                        )
                                                        )          Case No. 19-_____-CZ
v.                                                      )          Hon. _____
                                                        )
                                                        )
KATHY THARP, et. al.,                                   )
In Their Individual/Municipality Capacity,              )
                                                        )
                     Defendants.                        )
_____

## ATTACHMENTS
### FOR DECLARATORY RULING AND INJUNCTIVE RELIEF

Affidavit of ......................................... Dennis L.A. Ward
Affidavit of ......................................... Walter Neal, Jr.
Affidavit of ......................................... Aundra Beckem
Affidavit of ......................................... Jamal Umar Buchanan
Affidavit of ......................................... Sem'j Ramone Lawson
Affidavit of ......................................... Sandy Holt, Jr.
Affidavit of ......................................... Dandree Black

-*-

STATE OF MICHIGAN )
              )ss.        <u>AFFIDAVIT OF DENNIS L.A. WARD</u>
COUNTY OF BRANCH)

I, **Dennis Lonnie Alfred Ward**, hereby make the following statements under the penalty of perjury pursuant to Title 28 USC § 1746, as being factually true upon information, belief and personal knowledge of the facts regarding my appointed attorneys in this case, and I state the following:

1.     I am/was the Defendant in the Muskegon County Circuit Court under case citation and number, <u>People of the State of Michigan -v- Dennis Lonnie Alfred Ward</u>, Case No. 09-58530-FC, and I was appointed counsel to represent me in this criminal prosecution;

2.     I was initially appointed Attorney, Mr. Ronald H. Pannucci to represent me on the numerous felony charges levied against me by the Muskegon County Prosecutor's Office;

3.     Prior to my preliminary examination proceedings, Attorney Pannucci and I discussed my potential defense and trial strategy and requested 'discovery material' for trial. The discovery request was granted, at which time the preliminary examination and circuit court arraignments were waived. I was bound over to stand trial in the circuit court;

4.     That while awaiting trial, Attorney Alvin E. Swanson, Jr., visited me and informed me that he had been assigned to represent me. I immediately ask the whereabouts of my appointed Attorney Ronald Pannucci and he would only say that he had been assigned to represent me in the case. I told him that I did not want him representing me and he implied that I had no choice in the matter, and stated that he would represent me or I could represent myself;

5.     During a pretrial hearing, I again voiced my concerns and objections to Attorney Alvin Swanson representing me, during a Cobbs's Hearing before Judge Quinn Benson, at which time I elected to represent myself which was granted;

6.     That because I had no prior relationship with Attorney Alvin E. Swanson, who retained the case after my self representation had been revoked by the court, I subsequently entered a plea of guilty to the firearm charges, the habitual fourth offense charge, and went to trial on the armed robbery count(s). I was convicted in a trial by jury and sentenced to prison without knowing why my original court appointed attorney [Mr. Pannucci], was removed from my case after he and I had agreed on trial strategy, and my willingness to waive my preliminary examination and circuit court arraignment, based on this agreement, as I never requested a different attorney and no breakdown in the attorney-client relationship had occurred;

7.     That if I am called as a witness I can testify truthfully to the statements set forth above as I know them to be truthful as to the removal of one lawyer and replacing him with another without my consent, expressed or implied. FURTHER, I say not.

                           /s/ <u>Dennis L.A. Ward</u>
                                Dennis L.A. Ward

Subscribed and sworn to before me, this 23 day of Oct , 2018

                NOTARY PUBLIC
My Commission Expires: 11-29-2022
Acting in Branch , County, Michigan

STATE OF MICHIGAN )
               )ss.      <u>AFFIDAVIT OF WALTER NEAL, JR.</u>
COUNTY OF BRANCH)

I, Walter Neal Jr., after first being duly sworn, hereby make the following statements which are based on information, belief, and personal knowledge of the facts regarding the attorneys appointed, or assigned to my case, and I state the following:

L.    That my first court appointed attorney for this case was Jonathan B. Pototsky, (P45499), who was appointed to represent me in the case of <u>People v Walter Neal Jr.</u>, Circuit Court Case No. 00-045327-FC, in the Circuit Court for the County of Muskegon;

2.    That after waiving the preliminary examination proceeding, and the case bound over to the circuit court for trial, Mr. Pototsky was changed to attorney, Harold F. Colsz, III, (P28260). These changes occurred when my case was assigned to Circuit Court Judge, James M. Graves;

3.    The prosecutor charged me with two counts of criminal sexual conduct, first degree, MCL § 750.520, BIB, and as a Habitual Offender, second offense, MCL § 769.l0. After waiving the preliminary examination where the attorney changed, I was informed by attorney Closz that I should enter a plea of nolo contendere to count two and I would receive a term of life-time probation as to count one, and imprisonment from (35 to l00) years on count two;

4.    I was never told why my original court appointed attorney was changed, nor did I request a change in my appointed attorney. There was never any problems with the original appointed attorney, and I did not request a different attorney as I was satisfied with the first attorney;

5.    I was never informed about any defense strategy for the CSC charges, nor was I informed that my prior convictions for the habitual offender charge could be constitutionally challenged. I was simply told to plead nolo contendere and I would receive a term of imprisonment less than life in prison;

6.    To my personal knowledge, there did not exist a breakdown in the attorney-client relationship to warrant removal of the original court appointed lawyer. To date, I have no knowledge as to why I was given these different attorneys without my implied consent. FURTHER, I say not

/s/ _Walter Neal_
Walter Neal, Jr.

Subscribed and sworn to before me, this 13th day of November, 2018

NOTARY PUBLIC
MY COMMISSION EXPIRES: 12/01/2021
Acting in Branch, County, Michigan

PATRICK DANIELS
NOTARY PUBLIC, STATE OF MI
COUNTY OF HILLSDALE
MY COMMISSION EXPIRES Dec 1, 2021
ACTING IN COUNTY OF Branch

STATE OF MICHIGAN)
      )ss.   <u>AFFIDAVIT OF AUNDRE BECKEM</u>
COUNTY OF BRANCH)

I, Aundra Beckem, hereby make the following statements in this sworn affidavit as being truthful regarding the numerous attorneys appointed, or assigned to my criminal case in the Muskegon County Court System, and I state as follows:

1.   That I was charged by the Muskegon County Prosecutor with criminal sexual conduct, third degree, MCL § 750.520, DIB. The case commenced against me in the Court under <u>People v Aundra Beckem</u>, Muskegon County Circuit Court Case No. 08-57175-FH;

2.   The first attorney appointed to represent me was Joseph Fisher. The second attorney was Frank M. Corrozza, who are from the same law firm;

3.   The third attorney assigned to my case was Alvin E. Swanson, Jr., from another law firm. Attorney Swanson was assigned when the case went to the circuit court after the bind over from the district court. Attorney Joseph Fisher, and attorney Framk M. Corrozza was somehow removed from the case;

4.   At the circuit court level, Attorney Swanson informed me that it would be in my best interest to plead 'nolo contendere' to the charges and I followed his advice and entered the plea, and I was sent to prison for a term of from (17 to 50) years for the CSC charge;

5.   At no time during the attorneys exchange did I request another attorney, nor was there a breakdown in the attorney-client relationship to my knowledge. I was never informed about my defense to the charges since the bind over to the circuit court, and all these attorneys were assigned, withdrawn, and new counsel assigned without my consent expressed or implied. I was simply given one attorney who changed to another, and was again changed, and I was only told about a 'nolo contendere', or a guilty plea to the CSC charge;

6.   That if I am called as a witness, I can and will testify truthfully to the statements as set forth in this affidavit as I know them to be true and accurate as to my understanding on the numerous attorneys assigned to represent me. FURTHER, I say not.

               /s/ _Aundra Beckem_
                 Aundra Beckem

Subscribed and sworn to before me,
this _13 TH_ day of _November_ 2018

_____
     NOTARY PUBLIC
MY COMMISSION EXPIRES: 12/01/2021
Acting in _BRANCH_ County, Michigan

PATRICK DANIELS
NOTARY PUBLIC, STATE OF MI
COUNTY OF HILLSDALE
MY COMMISSION EXPIRES Dec 1, 2021
ACTING IN COUNTY OF _Branch_

STATE OF MICHIGAN )
                  )ss.      AFFIDAVIT OF  JAMAL UMAR BUCHANAN
COUNTY OF BRANCH)


I,  Jamal Umar Buchanan,  make the following statements under the penalty of perjury pursuant to
Title 28 USC § 1746, as being factually true upon information, belief and personal knowledge of
the facts, and state the following;

1.      I am/was  the Defendant in the\Muskegon County Circuit Court under case citation and
number, People of the State of Michigan v Jamal Umar Buchanon. Case No. 09-058015-FC,  and I
was appointed counsel for this criminal proceeding;

2.      That  I was appointed Attorney,  Joseph A. Fisher,  but  following the arraignment  and
preliminary examination proceedings, I was assigned a different attorney, Mr. Alvin E. Swanson,
Jr., who did not discuss any type of defense or trial strategy for trial, but only advised me to plead
guilty  [Nolo Contendre] plea;

3.      I was never told why, how, or for what reason(s) my first appointed attorney  was removed
or replaced from my case after discussing the facts, potential defenses, and the  trial strategy for
trial, and I did not request for the first attorney to be removed from the case as I was satisfied with
his representation of me in the  criminal case against me;

4.      That  I was never advised that I would be exchanging one attorney for the next and I never
requested a different lawyer in either proceeding, and  I ended up pleading 'nolo contendre in the
Muskegon County Circuit Court and I was sentenced to imprisonment.

5.      That  the exchange of the two different lawyers occurred after my preliminary examination
proceeding where I was bound over tofor trial in the circuit court;

6.      If I am called as a witness, I can testify truthfully to the statements as set forth above as I
know them to be truthful as to the removal of one lawyer and replacing him with another, without
my consent, expressed or implied. FURTHER, I say not.

                                            /s/ _____
                                              Jamal Umar Buchanan


Subscribed  and  sworn  to before  me,
this 22 day of October ,2018
_____
        NOTARY PUBLIC
MY COMMISSION EXPIRES: 12/01/2021
Acting in Branch , County, Michigan

_____
        PATRICK DANIELS
    NOTARY PUBLIC, STATE OF MI
        COUNTY OF HILLSDALE
    MY COMMISSION EXPIRES Dec 1, 2021
    ACTING IN COUNTY OF Branch

STATE OF MICHIGAN )
                )ss.       <u>AFFIDAVIT OF SEMA'J RAMONE LAWSON</u>
COUNTY OF BRANCH)

I, Sema'j Ramone Lawson, make the following statements under the penalty of perjury pursuant to Title 28 USC § 1746 as being true to the best of my belief, knowledge and understanding, and I state as follows:

1. That I am/was the Defendant in the criminal prosecution in the Muskegon County Circuit Court under case citation and name of <u>People of the State of Michigan v Sema'j Ramone Lawson</u>, Case No. 09-057406-FH, and in Case No. 09-57431-FC, and I was appointed an attorney for both cases;

2.     Initially, I was appointed Attorney, David B. Kortering, and following the arraignment proceedings, I was assigned a different attorney, Mr. Fred J. Lesica, who did nothing but advise me to plead guilty to the charge(s) in both cases;

3.     I was never told why, or how the first attorney was removed from my case after discussing the facts and the strategy for my trial, and I did not request for the first attorney to be removed from the case as I was satisfied with his representation in both cases;

4.     I was never advised that I would be exchanging one attorney for the next and I never requested a different lawyer in either case. I ended up pleading guilty in the Muskegon County Circuit Court and sentenced to prison for both cases;

5.     That the exchange of the two different attorney occurred after my preliminary examination proceeding where I was bound over to stand trial in the circuit court;

6.     If I am called as a witness, I can and will testify truthfully to the statements as set forth above as I know them to be true as to the removal/exchange of one lawyer to the next without my consent either expressed or implied. FURTHER, I say not.

                                     _(s)_ Sema'j Ramone Lawson
                                         Sema'j Ramone Lawson

Subscribed and sworn to before me,
this _____ day of _____, 2018

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES: 1/09/2022
Acting in _Branch_ County, Michigan

STATE OF MICHIGAN )
                  )ss.     <u>AFFIDAVIT OF SANDY HOLT, JR.</u>
COUNTY OF BRANCH)

I, Sandy Holt, Jr., make the following statements under the penalty of perjury pursuant to Title 28 USC § 1746, as being factually true upon information, belief and personal knowledge of the facts, and state the following:

1.      I am/was the Defendant in the Muskegon County Circuit Court under case citation and number, <u>People of the State of Michigan v Sandy Holt, Jr.</u> Case No. 02-47915-FC, and I was appointed counsel for representing me on the charge of Armed Robbery, MCL § 750.59, and for trial;

2.      That I was appointed Attorney, Mr. Joseph Fisher, as my first lawyer. My second lawyer was Mr. Harold F. Closz, and I finally ended up with a lawyer named Ms. Annette Smedley, who represented me in the actual jury trial in this case;

3.      I was never told why, how, or for what reason(s) my first two appointed attorneys were removed or replaced from my case after discussing the facts, all potential defenses to the robbery charge, and I voiced my concerns about these numerous attorneys during a motion hearing on May 21, 2003, in front of Judge James M. Graves, Jr., when I requested self representation which was denied;

4.      That I was never advised that I would be exchanging one attorney for the next and I never requested a different lawyer in either proceeding, and there was never a breakdown in the Attorney-Client relationship from the two previous attorneys, before trial;

5.      That the exchange of the three different lawyers occurred after my preliminary examination proceeding where I was bound over to stand trial in the circuit court on armed robbery and habitual offender status;

6.      If I am called as a witness, I can testify truthfully to the statements as set forth above as I know them to be truthful as to the removal of one lawyer and replacing him with another, without my consent, expressed or implied. FURTHER, I say not.

                                                        /s/ _____
                                                        Sandy Holt, Jr.

Subscribed and sworn to before me,
this 22 day of OCTOBER ,2018
_____
      NOTARY PUBLIC
MY COMMISSION EXPIRES: MARCH 16, 2025
Acting in BRANCH County, Michigan

AMY E. HOUTZ
NOTARY PUBLIC, STATE OF MI
COUNTY OF BRANCH
MY COMMISSION EXPIRES Mar 16, 2025
ACTING IN COUNTY OF BRANCH

STATE OF MICHIGAN )
                )ss.     AFFIDAVIT OF DANDREE BLACK
COUNTY OF BRANCH)

I, Dandree Black, make the following statements under the penalty of perjury pursuant to Title 28 USC § 1746, as being factually true upon information, belief and personal knowledge of the facts, and state the following:

1.     I am/was the Defendant in the Muskegon County Circuit Court under case citation and number, <u>People of the State of Michigan v Dandree Black,</u> Case No. 11-060803-FH, and I was appointed counsel for this criminal proceeding - [Assault MCL § 750.84];

2.    That I was appointed Attorney, Mr. Ronald H. Pannucci, who was replaced with Alvin E. Swanson, who was replaced by Christopher J. Wilson;

3.    I was never told why, how, or for what reason(s) my first appointed attorney was removed or replaced from my case after discussing the facts, all potential defenses to the assault charge, and the trial strategy for trial, and I did not request for the first attorney to be removed from the case as I was satisfied with his representation;

4.    That I was never advised that I would be exchanging one attorney for the next and I never requested a different lawyer in either proceeding, and I ended up with a one day jury trial where I was found guilty and sentenced to prison;

5.    That the exchange of the three different lawyers occurred after my preliminary examination proceeding where I was bound over to stand trial in the circuit court;

6.    If I am called as a witness, I can testify truthfully to the statements as set forth above as I know them to be truthful as to the removal of one lawyer and replacing him with another, without my consent, expressed or implied. FURTHER, I say not.

/s/ *Dandree Black*
Dandree Black

Subscribed and sworn to before me,
this 22 day of _OCTOBER_, 2018
_Amy E. Houtz_
      NOTARY PUBLIC
MY COMMISSION EXPIRES: _MARCH 16, 2025_
Acting in _BRANCH_, County, Michigan

AMY E. HOUTZ
NOTARY PUBLIC, STATE OF MI
COUNTY OF BRANCH
MY COMMISSION EXPIRES Mar 16, 2025
ACTING IN COUNTY OF _BRANCH_