UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

---

DENNIS LONNIE ALFRED WARD, WALTER NEAL JR., AUNDRA BECKEM, JAMAL UMAR BUCHANAN, SEM'J RAMONE LAWSON, SANDY HOLT JR., and DANDREE BLACK,

     Plaintiffs,

v

KATHY THARP, County Executive; MUSKEGON COUNTY, Municipality; and NANCY A. WATERS, County Clerk, in their individual and municipal capacity,

     Defendants.

Case No. 1:19-cv-00612-PLM-RSK

Hon. PAUL L. MALONEY
Magistrate Judge RAY KENT

*Removed From*
Muskegon County Circuit Court
Case No. 19-2160-CZ

**BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) AND FED. R. CIV. P. 56**

---

Plaintiff, In Pro Per
Dennis Lonnie Alfred Ward, #162169
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49035

Plaintiff, In Pro Per
Walter Neal, Jr., #377117
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49035

Plaintiff, In Pro Per
Aundra Beckem, #209716
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49035

Michael D. Homier (P60318)
Laura J. Genovich (P72278)
FOSTER, SWIFT, COLLINS & SMITH, PC
Attorneys for Defendants
1700 E. Beltline Avenue NE, Suite 200
Grand Rapids, MI  49525
(616) 726-2200
mhomier@fosterswift.com
lgenovich@fosterswift.com

Plaintiff, In Pro Per
Jamal Umar Buchanan, #313838
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49035

Plaintiff, In Pro Per
Sem'j Ramone Lawson, #771655
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49035

Plaintiff, In Pro Per
Sandy Holt, Jr., #201603
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49035

Plaintiff, In Pro Per
Dandree Black, #193803
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49035

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) AND FED. R. CIV. P. 56

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES..................................................................... ii

INTRODUCTION .................................................................................1

STATEMENT OF FACTS .....................................................................2

   I.  Plaintiffs' Criminal Cases and Factual Allegations .......................2

   II. Plaintiffs' Allegations against Defendants ...................................4

   III.Procedural History ....................................................................5

STANDARD FOR DECISION ...............................................................6

ARGUMENT .......................................................................................7

    I.    Plaintiffs' Complaint is barred by *Heck v. Humphrey*. ..............7

    II.   Plaintiffs' claims are barred by the statute of limitations. .........9

    III.  Plaintiffs have failed to state a claim for which relief may be granted. ..10

    IV.  Plaintiffs' Complaint is moot. ................................................13

    V.   Plaintiffs lack standing. .........................................................15

    VI.  Kathy Tharp is not a proper defendant....................................16

CONCLUSION ...................................................................................17

# INDEX OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986)..............................................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)......................................................................6

*Bassett v. NCAA*, 528 F.3d 426 (6th Cir. 2008)........................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...................................................6, 7

*Campbell v. PMI Food Equip. Grp., Inc*., 509 F.3d 776 (6th Cir. 2007) ..........15, 17

*Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) ..................................................10

*Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998) .......................................................8

*Edwards v. Balisok*, 520 U.S. 641 (1997)..................................................................8

*Floyd v. County of Kent*, 454 F. App'x 493 (6th Cir. 2012) ....................... 13, 14, 15

*Hadley v Werner*, 753 F.2d 514  (6th Cir. 1985).....................................................10

*Heck v. Humphrey*, 512 U.S. 477 (1994)................................................... 1, 8, 9, 10

*Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999) ....................................7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .............................................18

*Matsushita Electric Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574 (1986)............7

*Newberry v. Silverman*, 789 F.3d 636 (6th Cir. 2015) ..............................................6

*Orco Investments v. City of Romulus*, unpublished per curiam opinion of the
    Michigan Court of Appeals, 2012 Mich. App. LEXIS 1254 (June 26,
    2012).....................................................................................................................11

*Scott v. Ambani*, 577 F.3d 642 (6th Cir. 2009) .......................................................11

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .................................18

*Williams v. Weber Cty*., No. 1:11-CV-21 CW, 2013 U.S. Dist. LEXIS 85574
    (D. Utah June 17, 2013) ........................................................................................9

*Wilson v. Garcia*, 471 U.S. 261 (1985) ..................................................................10

## Federal Statutes

28 U.S.C. § 1331 ........................................................................................................6

28 U.S.C. § 1441(a) ...................................................................................................6

42 U.S.C. § 1983 ......................................................................................... 8, 9, 10, 11

## Michigan Statutes

Mich. Comp. Laws § 775.16 (1981).........................................................................13

Mich. Comp. Laws § 775.16 (1999).........................................................................14

Mich. Comp. Laws § 780.985...................................................................................13

Mich. Comp. Laws § 780.985-991 ...........................................................................16

Mich. Comp. Laws § 600.5805.................................................................................10

Mich. Comp. Laws § 780.991(2)..............................................................................17

Public Act 93 of 2013 .......................................................................................... 13, 15

Public Act 94 of 2013 ...............................................................................................13

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................1, 6
Fed. R. Civ. P. 56............................................................................................2
Fed. R. Civ. P. 56(c)........................................................................................7

**Constitutional Provisions**

Article 1, §§ 17 and 20 of the Michigan Constitution ................................4
U.S. Const. art. III, § 2 ................................................................................15

## INTRODUCTION

Plaintiffs are seven prisoners in the Lakeland Correctional Facility who were convicted and sentenced in the Muskegon County Circuit Court between 2001 and 2012.  Plaintiffs accuse Defendants – Muskegon County and two of its employees – of violating their federal and state constitutional rights by failing to adequately fund, train, and supervise the court-appointed attorneys who defended Plaintiffs in their criminal cases.

Plaintiffs' Complaint must be dismissed for at least five reasons: (1) Plaintiffs' Complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiffs implicitly challenge the validity of their convictions; (2) Plaintiffs' constitutional claims are barred by the applicable statutes of limitations; (3) Plaintiffs have failed to state a claim for which relief may be granted because Muskegon County was not statutorily responsible for indigent counsel appointments at the time of Plaintiffs' criminal cases; (4) Plaintiffs' claims have been rendered moot by sweeping changes to Michigan's indigent defense system; and (5) Plaintiffs lack standing.  Additionally, Plaintiffs' claims against Defendant Kathy Tharp must be dismissed because Ms. Tharp is an administrative assistant, not the County Executive, as Plaintiffs allege.

For these reasons, Defendants request that Plaintiffs' Complaint be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56.

## STATEMENT OF FACTS

I.   Plaintiffs' Criminal Cases and Factual Allegations

Plaintiffs are seven prisoners whose criminal cases were heard in the Muskegon County Circuit Court. (Complaint ¶¶ 1, 16, 21, 25, 28, 31, 35, 38.) Generally, each Plaintiff alleges that he was assigned a court-appointed public defender through Defendant Muskegon County. (¶¶ 16-40.)  Plaintiffs allege that their court-appointed attorneys provided inadequate representation, primarily because they were assigned multiple attorneys during the course of their criminal cases.  Their allegations are summarized as follows:

1.   **Plaintiff Ward** complains that two attorneys were assigned to his criminal case (Complaint ¶ 16); that his first attorney "urged him to waive his preliminary examination and circuit court arraignment" (¶ 17); and that his second attorney "failed to properly advocate meaningfully for his client on lesser charges" (¶ 20).  Plaintiff Ward was sentenced on June 29, 2010.  (Exhibit A.)

2.   **Plaintiff Neal** complains that two attorneys were assigned to his criminal case (¶¶ 21-23); that his second attorney "allowed him to plead to all charges" (¶ 23); that his second attorney "never informed him, or indicated that his prior felony convictions could be challenged" (¶ 24); and that his second attorney "failed to advocate meaningfully for a reduced term of imprisonment" (¶ 24). Plaintiff Neal was sentenced on September 4, 2001.  (Exhibit B.)

3.     **Plaintiff Beckem** complains that three attorneys were assigned to his criminal case (¶ 25); that he took his attorney's advice to plead "nolo contendere" to all charges because "he did not know who his attorney would be for trial" (¶ 25); and that his attorney did not "advocate[e] meaningfully for him to receive a reduced prison sentence, or reduced charges" (¶ 27).   Plaintiff Beckem was sentenced on <u>May 19, 2009</u>.  (Exhibit C.)

4.     **Plaintiff Buchanan** complains that two attorneys were assigned to his criminal case (¶ 28); that his second attorney "did not discuss an[y] potential defenses or trial strategy" and "only advised his client to plead guilty, or nolo contendere to the charges" (¶ 29); and that his attorney did not "advocat[e] meaningfully for him to receive a reduced sentence" (¶ 30).  Plaintiff Buchanan was sentenced on <u>November 17, 2009</u>.  (Exhibit D.)

5.     **Plaintiff Lawson** complains that two attorneys were assigned to his criminal case (¶ 31); that his second attorney "did nothing for any type of defense except advised his client to plead guilty to the charges" (¶ 32); and that the second attorney did not "advocat[e] meaningfully on his behalf for a reduced prison sentence" (¶ 34).  Plaintiff Lawson was sentenced on <u>July 9, 2010</u>.  (Exhibit E.)

6.     **Plaintiff Holt** complains that three attorneys were assigned to his criminal case (¶ 35); that he was denied the ability to represent himself (¶ 37); and that his attorney did not "advocat[e] meaningfully for him to get his case dismissed on jurisdictional grounds" (¶ 37).  The Complaint does not indicate what such

3

"jurisdictional grounds" would be.  Plaintiff Holt was sentenced on <u>July 1, 2003</u>. (Exhibit F.)

7.     **Plaintiff Black** complains that three attorneys were assigned to his criminal case (¶ 38) and that he "did not receive competent representation nor did he receive adequate, or meaningful advocacy to obtain a reduced charge or lesser sentence" (¶ 40).  Plaintiff Black was sentenced on <u>March 13, 2012</u>.  (Exhibit G.)

These are the only specific harms to Plaintiffs alleged in the Complaint. In general terms, Plaintiffs also allege that Muskegon County's indigent defense system is "broken" (¶ 11) and that indigent defense attorneys "do not have the resources and tools necessary to do their jobs" (¶ 10).  Plaintiffs complain that a general lack of funding, training, and supervision of Muskegon County's indigent defense system has deprived Plaintiffs of their rights under the Sixth and Fourteenth Amendments to the United States Constitution and their rights under Article 1, §§ 17 and 20 of the Michigan Constitution.  (¶ 12.)

II.     <u>Plaintiffs' Allegations against Defendants</u>

None of Plaintiffs' criminal defense attorneys are defendants in this action. Rather, Plaintiffs' constitutional claims are levied against Muskegon County; Nancy A. Waters, the Muskegon County Clerk; and Kathy Tharp, who Plaintiffs allege is the County Executive.  Kathy Tharp is, in fact, an administrative assistant in the office of the County Administrator.  (Exhibit H.)

Plaintiffs claim that Defendant Muskegon County "receives monetary stipends from the Michigan State Treasury on a yearly basis . . . to maintain its legal assistance programs for indigent citizens" (¶ 33) and that Muskegon County was "responsib[le] for the appointment of the indigent assigned counsel for each named Plaintiff" (¶ 47).  Plaintiffs allege that Nancy Waters, as County Clerk, and Kathy Tharp, allegedly as County Executive, were also in charge of the indigent defense system.  (¶¶ 41, 45.)

For relief, Plaintiffs request a declaratory ruling that "the acts and omissions of all Defendants as complained above" violate Plaintiffs' federal and state constitutional rights; an injunction requiring Defendants to "cease and desist" all constitutional violations; and "any other relief" for the constitutional violations, "including monetary damage awards and out of pocket expenses for the costs of this litigation[.]"  (Complaint, pg. 11.)

III.   <u>Procedural History</u>

Plaintiffs filed their Complaint in Muskegon County Circuit Court on or about June 10, 2019.  Although one Summons (for Kathy Tharp) and the Complaint were mailed on or about July 2, 2019, Plaintiffs did not ever properly serve Defendants.  Notwithstanding, upon receipt of the Complaint, Defendants timely removed the action to this Court based on this Court's federal question jurisdiction (28 U.S.C. § 1331; 28 U.S.C. § 1441(a)).  Defendants now request that this Court dismiss the Complaint in its entirety.

## STANDARD FOR DECISION

Under Fed. R. Civ. P. 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, well-pleaded factual allegations are accepted as true, and reasonable inferences are drawn in favor of the plaintiff. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Conclusory allegations and unwarranted inferences are not accepted as true. *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015).

"To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice", and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. In addition to the well-pleaded complaint, a court may consider public records and governmental agency decisions in deciding a Rule 12(b)(6) motion to dismiss. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (citations omitted).

Summary judgment under Rule 56 is appropriate if no genuine issue as to any material fact remains and the moving party is entitled to a judgment as a matter

of law.  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).  The court must view all materials supplied, including all pleadings, in the light most favorable to the nonmoving party.  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ARGUMENT

### I.     Plaintiffs' Complaint is barred by *Heck v. Humphrey.*

Plaintiffs seek injunctive, declaratory, and monetary relief for the alleged constitutional violations arising out of the legal representation they received in connection with their convictions in Muskegon County Circuit Court.  These claims are barred by *Heck v. Humphrey*, 512 U.S. at 477.  In *Heck*, the Supreme Court held that a state prisoner cannot state a claim under 42 U.S.C. § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87.  This "*Heck* bar" applies to claims for injunctive and declaratory relief.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48

7

(1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (injunctive relief).

Here, Plaintiffs' claims relate to the the validity of their convictions, as they allege that they did not receive constitutionally adequate legal representation in their criminal cases.  But Plaintiffs have not alleged or shown that their convictions have been reversed or invalidated; indeed, all seven Plaintiffs remain imprisoned on the convictions at issue in their Complaint.  (*See* Exhibits A-G.)  Accordingly, under *Heck*, Plaintiffs cannot proceed with their claims.

The fact that Plaintiffs are broadly attacking the indigent defense system does not avoid the *Heck* bar.  The United States District Court for the District of Utah has rejected precisely such an argument in *Williams v. Weber Cty*., No. 1:11-CV-21 CW, 2013 U.S. Dist. LEXIS 85574 (D. Utah June 17, 2013) **(Exhibit I).** *Williams* involved nearly identical facts: the plaintiffs had received court-appointed indigent defense counsel, pled guilty, and then sued the county and county officials under § 1983, claiming that their Sixth Amendment right to counsel had been violated.  *Id.* at *2-3.  The District Court granted the defendants' motion for summary judgment and dismissed the case under *Heck*, reasoning as follows:

> Although Plaintiffs contend that they "are not attacking their convictions," they admit to "attacking the deficient indigent defense program in Weber County." . . . **The adequacy of Weber County's indigent defense program, however, is directly tied to the validity of Plaintiffs' convictions.** Thus, Plaintiffs cannot show that they were denied constitutionally sufficient legal

representation      by      Defendants      without      directly
undermining their convictions or sentences.

*Id.* at * 12 (emphasis added); *see also Hadley v Werner*, 753 F.2d 514  (6th Cir.

1985) (holding that plaintiff's recourse for alleged ineffective assistance of court-

appointed counsel was writ of habeas corpus, not a constitutional claim against

county that assigned counsel).   For the same reasons, this Court should dismiss

Plaintiffs' claims.

## II.    Plaintiffs' claims are barred by the statute of limitations.

In  determining  the  statute  of  limitations  for  § 1983  actions,  courts  must

apply the state's statute of limitations for personal injuries.  *Wilson v. Garcia*, 471

U.S. 261 (1985).   Michigan has a three-year statute of limitations for personal

injury claims.   Mich. Comp. Laws § 600.5805.   Thus, § 1983 claims filed in

Michigan are subject to a three-year statute of limitations.  *Carroll v. Wilkerson*,

782 F.2d 44, 45 (6th Cir. 1986); *see also Scott v. Ambani*, 577 F.3d 642, 646 (6th

Cir. 2009).

Here, Plaintiffs' Complaint does not indicate when their criminal cases were

pending, but public records show that their sentences were imposed between 2001

and 2012.  (Exhibits A-G.)  None of the Plaintiffs were convicted or sentenced

within the three years before the Complaint was filed, and thus none of the alleged

conduct giving rise to their claims – *i.e.*, Muskegon County's allegedly deficient

training, funding, and supervision of court-appointed attorneys – occurred within

the past three years.  Plaintiffs' claims under § 1983 are therefore barred by the statute of limitations and must be dismissed.

Likewise, Plaintiffs' claims under the Michigan Constitution are barred by Michigan's three-year statute of limitations.  *Orco Investments v. City of Romulus*, unpublished per curiam opinion of the Michigan Court of Appeals, 2012 Mich. App. LEXIS 1254 (June 26, 2012) (holding that statute of limitations for claims under Michigan Constitution is three years) (**Exhibit J**).  Plaintiffs' claims must be dismissed.

### III.   Plaintiffs have failed to state a claim for which relief may be granted.

Plaintiffs' Complaint also must be dismissed because they have failed to state a cognizable claim against these Defendants.  Plaintiffs' claims depend on their assertion that Muskegon County and its Clerk and County Executive controlled the indigent defense program at the time of Plaintiffs' criminal cases. (*See* Complaint, ¶¶ 41-47.)  Plaintiffs, however, are mistaken.

All of Plaintiffs' criminal sentences were imposed prior to 2013.  (*See* Exhibits A-G, showing that Plaintiffs' sentencing dates range from 2001 to 2012.) Prior to 2013, Michigan law vested control of indigent defense appointments to the *chief circuit judge*, not counties:

> When a person charged with having committed a felony appears before a magistrate without counsel, and who has not waived examination on the charge upon which the person appears, the person shall be advised of his or her

> right to have counsel appointed for the examination. If the person states that he or she is unable to procure counsel, **the magistrate shall notify the chief judge of the circuit court** in the judicial district in which the offense is alleged to have occurred, or the chief judge of the recorder's court of the city of Detroit if the offense is alleged to have occurred in the city of Detroit. Upon proper showing, **the chief judge shall appoint or direct the magistrate to appoint an attorney to conduct the accused's examination and to conduct the accused's defense.** The attorney appointed by the court shall be entitled to receive from the county treasurer, on the certificate of the chief judge that the services have been rendered, **the amount which the chief judge considers to be reasonable compensation for the services performed.**

Mich. Comp. Laws § 775.16 (1981).  Public Act 94 of 2013, which took effect July 1, 2013, amended revised the statute to read as follows:

> When a person charged with having committed a crime appears before a magistrate without counsel, the person shall be advised of his or her right to have counsel appointed. If the person states that he or she is unable to procure counsel, the magistrate shall appoint counsel, if the person is eligible for appointed counsel under the Michigan indigent defense commission act.

Mich. Comp. Laws § 775.16 (2013).  Importantly, the companion legislation (Public Act 93 of 2013) also created the Michigan indigent defense commission, which has adopted minimum standards for the local delivery of indigent criminal defense services.  *See* Mich. Comp. Laws § 780.985.  (These standards are further discussed in Argument IV below.)

Thus, between 2001 and 2012, when Plaintiffs were sentenced, Muskegon County was *not* the entity authorized to appoint indigent defense counsel; the chief judge of the circuit court was vested with that power. The Sixth Circuit has recognized this in a nearly identical case. *Floyd v. County of Kent*, 454 F. App'x 493 (6th Cir. 2012) **(Exhibit K).** In *Floyd*, the plaintiff alleged that Kent County had "failed to provide adequate funding and oversight for the public defense system" in violation of the Sixth and Fourteen Amendments. *Id.* at 496. The plaintiff also argued that Kent County had failed to "adopt training or qualification standards for appointed defense attorneys," which allegedly resulted in ineffective assistance of counsel. *Id.*

This Court dismissed Floyd's complaint for failing to state a claim for which relief may be granted, and the Sixth Circuit affirmed, reasoning as follows in relevant part:

> Floyd also did not state a claim for relief against Kent County for perceived deficiencies in providing counsel to indigent defendants. **At the time of Floyd's sentencing, Michigan law placed responsibility for appointing an attorney for an indigent accused on the chief judge of the circuit court in the county where the offense occurred, and not directly on the county or its executive officials.** Mich. Comp. Law § 775.16 (1999). The statute provided that appointed defense attorneys were paid from the county treasury, but only after the chief judge of the circuit court in that county certified that the appointed attorney rendered professional services

> and was entitled to receive reasonable compensation for
> the services performed. *Id*.

*Id*. at 499.  On those grounds, the Sixth Circuit affirmed this Court's dismissal of

Floyd's claims against Kent County.  *Id*.

For the same reasons, Plaintiffs' claims against Muskegon County and its

officials and employees must fail.  Muskegon County was not the entity charged

with assigning indigent defense counsel during Plaintiffs' cases, and thus Plaintiffs

have not stated a claim against Defendants.

### IV.    Plaintiffs' Complaint is moot.

Article III of the Constitution limits the federal courts to adjudicating actual

"cases or controversies."  U.S. Const. art. III, § 2.  Consequently, "cases that do not

involve actual, on-going controversies are moot and must be dismissed for lack of

jurisdiction."  *Campbell v. PMI Food Equip. Grp., Inc*., 509 F.3d 776, 782 (6th

Cir. 2007).  Here, Plaintiffs' Complaint is moot because the Michigan Legislature

has already substantially revamped the minimum standards for indigent defense

counsel and has thereby addressed the concerns raised in Plaintiffs' Complaint.

As noted above, Public Act 93 of 2013, the "Michigan Indigent Defense

Commission Act," created the Michigan Indigent Defense Commission, which is

required to establish minimum standards for the local delivery of indigent criminal

defense services.  *See* Mich. Comp. Laws § 780.985-991.  Among other things, the

statute requires minimum standards directly related to the allegations in Plaintiffs'

Complaint:

> The MIDC shall implement minimum standards, rules, and procedures to guarantee the right of indigent defendants to the assistance of counsel as provided under amendment VI of the Constitution of the United States and section 20 of article I of the state constitution of 1963. In establishing minimum standards, rules, and procedures, the MIDC shall adhere to the following principles:
>
> (a) Defense counsel is provided sufficient time and a space where attorney-client confidentiality is safeguarded for meetings with defense counsel's client.
>
> (b) **Defense counsel's workload is controlled to permit effective representation.** Economic disincentives or incentives that impair defense counsel's ability to provide effective representation must be avoided. The MIDC may develop workload controls to enhance defense counsel's ability to provide effective representation.
>
> (c) Defense counsel's ability, training, and experience match the nature and complexity of the case to which he or she is appointed.
>
> (d) **The same defense counsel continuously represents and personally appears at every court appearance throughout the pendency of the case.** However, indigent criminal defense systems may exempt ministerial, nonsubstantive tasks, and hearings from this prescription.
>
> (e) Indigent criminal defense systems employ only defense counsel who have attended continuing legal education relevant to counsels' indigent defense clients.
>
> (f) Indigent criminal defense systems systematically review defense counsel at the local level for efficiency and for effective representation according to MIDC standards.

Mich. Comp. Laws § 780.991(2) (emphasis added).  Consistent with this statutory mandate, the Michigan Indigent Defense Commission has adopted its first four standards, which have been approved by the Michigan Department of Licensing and Regulatory Affairs.[1]  The Commission's second set of standards is currently being reviewed by the State.[2]  The standards address education and training of defense counsel; initial interview requirements; investigation and experts; counsel appearances; independent from the judiciary; indigent defense workloads; qualification and review; and minimum attorney compensation.[3]

The new statutory mandates and accompanying standards have already provided the prospective relief that Plaintiffs seek.  That is, to the extent Plaintiffs complain about a "broken" indigent defense system, the Michigan Legislature and Michigan Indigent Defense Commission have addressed Plaintiffs' concerns. There is no longer any "actual, ongoing controversy" concerning the indigent defense deficiencies described in Plaintiffs' Complaint, and thus their claims are moot and must be dismissed.  *Campbell*, 509 F.3d at 782.

### V.     Plaintiffs lack standing.

For similar reasons, Plaintiffs lack standing.  To have standing, Plaintiffs must show that it is "likely, as opposed to merely speculative, that the injury will

---

[1] https://michiganidc.gov/standards/
[2] *Id.*
[3] https://michiganidc.gov/wp-content/uploads/2019/07/Standards-1-8-June-2019.pdf

be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  A "psychic satisfaction" with the court's decision "is not an acceptable Article III remedy because it does not redress a cognizable Article III injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

Here, this Court cannot grant relief that will redress Plaintiffs' injuries. Plaintiffs ask for declaratory and injunctive relief mandating improvements to the indigent defense system, but even if such improvements had not already been made by the State (see Argument IV), such court-mandated prospective improvements would not benefit Plaintiffs because Plaintiffs have already been convicted. Plaintiffs certainly cannot show that they "likely" will be assigned indigent defense counsel in Muskegon County in the future, particularly because some of the Plaintiffs are serving life sentences.  Thus, Plaintiffs' alleged injuries cannot be redressed by this Court, and they lack standing.

## VI.    Kathy Tharp is not a proper defendant.

Finally, even if this case were to proceed, Kathy Tharp must be dismissed as a defendant.  Plaintiffs allege that Kathy Tharp is the County Executive "in charge of all functions within the Muskegon County Municipality and Jurisdiction." (Complaint ¶ 41.)   However, Kathy Tharp is actually the executive assistant (secretary) to the County Administrator.  (Exhibit H.)  She is not the County Executive and therefore should be named as a defendant in this case.

## **<u>CONCLUSION</u>**

For these reasons, Defendants request that this Court dismiss Plaintiffs'
Complaint in its entirety with prejudice.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, PC
*Attorneys for Defendants*

Dated: August 5, 2019       By:    */s/ Laura J. Genovich*
Michael D. Homier (P60318)
Laura J. Genovich (P72278)
1700 E. Beltline Avenue NE, Suite 200
Grand Rapids, MI 49525
(616) 726-2200
mhomier@fostersswift.com
lgenovich@fostersswift.com